# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

ROBERT E. HOWELL                                                                          PETITIONER

v.                              NO. 5:16-cv-00093 BRW/PSH

WILLIAM STRAUGHN, SHERLY SHARP,                                          RESPONDENTS
and ABRAHAM CARPENTER, JR.

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## FINDINGS AND RECOMMENDATION

BACKGROUND. In June of 2010, petitioner Robert E. Howell ("Howell") shot and killed his cousin. See Document 10 at CM/ECF 10. The tragedy led to Howell being charged in Mississippi County, Arkansas, Circuit Court with first degree murder and with being a felon in possession of a firearm. See Document 10 at CM/ECF 10. In September of 2010, he entered a negotiated plea of guilty to a charge of manslaughter and was sentenced as an habitual offender to twenty years imprisonment, and ten years suspended imposition of sentence, in the custody of the Arkansas Department of Correction. See Document 10 at CM/ECF 47-48.[1]

In January of 2016, Howell was considered for release on parole. See Document 10 at CM/ECF 51. As a part of considering whether Howell should be released on parole, the Arkansas Parole Board ("Board") contacted the Mississippi County, Arkansas, Sheriff ("Sheriff") for a recommendation. See Document 10 at CM/ECF 64. The Sheriff opposed Howell's release on parole, taking the position that Howell "needs to serve more time!" See Document 10 at CM/ECF 65. The Board denied Howell's release on parole and his subsequent request for reconsideration. See Document 10 at CM/ECF 51.[2] It appears that he was given the right to re-apply for release on parole after one year. See Document 10 at CM/ECF 51.

---

[1] The charge of being a felon in possession of a firearm was nolle prossed.

[2] Howell represented that the denial marked the third time he had been denied release on parole.

THE PETITION AT BAR. On the heels of being denied release on parole, Howell commenced the case at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241. He maintained in the petition that the Board violated his constitutional rights by denying his release on parole and doing so pursuant to an unconstitutional procedure. Liberally construing his petition, he specifically alleged the following:

(1) the Board "made this case a serious crime" and ignored the fact that the case was the result of an "accident," see Document 1 at CM/ECF 5, 8;

(2) the Board failed to provide him with a copy of Form 153, "if any," see Document 1 at CM/ECF 6;

(3) the Board solicited and relied upon the Sheriff's recommendation but failed to solicit recommendations from the state trial court judge or prosecuting attorney, see Document 1 at CM/ECF 6-7, 12;

(4) the Board denied Howell's release on parole because he was not from Arkansas, see Document 1 at CM/ECF 6, 9;

(5) the Board has now kept him in custody longer than the forty-four months he was told he would serve, see Document 1 at CM/ECF 7;

(6) the Board failed to consider that he has a good institutional record and is not a risk to the community, see Document 1 at CM/ECF 8, 12;

(7) he has now been incarcerated longer than other inmates convicted of more serious offenses, see Document 1 at CM/ECF 9-10; and

(8) the Board failed to follow the governing state statutes and regulations, see Document 1 at CM/ECF 5-13.

The respondents submitted a response to Howell's petition. In the response, they maintained that his petition should be dismissed because his claims warrant no relief. They specifically maintained that his due process claims are not cognizable, his equal protection claims have no merit, and his state law claims are not cognizable.[3]

Howell submitted a reply to the respondents' assertions. In the reply, he re-argued many of the representations he made in his petition. He also raised what appeared to be a new claim. He alleged that similarly situated white inmates had received favorable treatment and been released on parole.[4]

The undersigned has thoroughly reviewed the record in this case. Having reviewed Howell's claims in light of the applicable law, the undersigned finds that his petition should be dismissed because his claims warrant no relief. The undersigned so finds for the following reasons.[5]

---

[3] The respondents maintained that Howell's due process claims are not cognizable because Arkansas law does not create a federally-protected liberty interest in release on parole. With respect to his equal protection claims, the respondents maintained that the claims are without merit because he cannot show the Board systematically and intentionally treated him differently from other similarly situated individuals and there was no rational basis for the difference in treatment. With respect to his state law claims, the respondents maintained that the claims are not cognizable because there is no federal constitutional liberty interest in having state officers follow state law.

[4] Howell is African-American.

[5] The respondents have not addressed the exhaustion question or whether Howell's claims are procedurally barred from federal court review. The undersigned assumes, without deciding, that Howell's claims can be considered.

DUE PROCESS CLAIMS. In <u>Tucker v. Norris</u>, 2009 WL 5066761 (E.D.Ark. 2009), an Arkansas inmate alleged that the Board violated his constitutional rights by denying his release on parole and doing so pursuant to an unconstitutional procedure. He specifically alleged that the governing state statutes and Board regulations created a liberty interest in parole. He additionally alleged that the Board, <u>inter alia</u>, failed to provide him with a copy of Form 153, considered information that created a biased procedure, and gave him only boilerplate responses for denying his release on parole. United States District Judge Brian S. Miller adopted the recommendation of United States Magistrate Judge Beth Deere and found the following with respect to an Arkansas inmate's right to due process in parole decisions:

> … A federal court may issue a writ of habeas corpus only for a violation of the Constitution, laws or treaties of the United States. 28 U.S.C. 2241(c), 2254(a). There is no federal constitutional interest in having state officers follow state law or prison officials follow prison regulations. <u>Phillips v. Norris</u>, 320 F.3d 844, 847 (8th Cir. 2003). Therefore, Petitioner's claims against Respondents in this regard do not amount to a cognizable federal habeas claim. Regardless of whether any ADC or Parole Board rules or regulations have been violated, this Court is limited to determining whether a federal violation has occurred.
>
> The Fourteenth Amendment to the United States Constitution, extending the due process protections of the Fifth Amendment, provides in part that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, 1. Protected liberty interests may arise from the Due Process Clause itself or from an expectation or interest created by state laws or policies. <u>Wilkinson v. Austin</u>, 545 U.S. 209, 221 (2005).

> The Due Process Clause itself does not create a protected liberty interest in the possibility of parole or release before expiration of a validly imposed sentence. Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979). Further, nothing in the Arkansas statutes governing parole creates anything more than a mere possibility of parole, and thus the statutes do not establish any right to release on parole that would invoke due process protection. Pittman v. Gaines, 905 F.2d 199, 201 (8th Cir.1990); Parker v. Corrothers, 750 F.2d 653, 655-57 (8th Cir.1984). [Footnote omitted].
>
> Instead, the statutes place minimal limitations on the Board's discretion and provide that the Board "may" release an individual on parole when, in its opinion, there is a reasonable probability that he can be released without detriment to the community or himself. Ark.Code Ann. § 16-93-701(a)(1). The statutes also clearly provide for discretion on the part of the Board in formulating "all policies, rules, and regulations regarding parole," setting conditions for parole, and in determining if or when a particular inmate will be paroled. Id. 16-93-206(a)(1) & (4), (e)(1) & (f), 16-93-1302.
>
> The Arkansas Supreme Court has emphasized the broad discretionary authority granted to the Board under the state's parole statutes. Michalek v. Lockhart, 730 S.W.2d 210, 211 (1987); see Dougan v. Ford, No. 04-623, 2005 WL 2387576, 2 (Sept. 29, 2005) (unpub.) ("[i]f the conditions [set by the Board] are too onerous, appellant could decline to accept the conditions set, and elect to serve out his sentence instead"); see also Hamilton v. Brownlee, 237 Fed. Appx. 114, 115 (8th Cir.2007) (unpub.) (Arkansas parole statutes do not create protectible liberty interest in discretionary parole decisions, and prisoner did not have protectible liberty interest in having parole board follow its own hearing policy).
>
> A prisoner committed to the custody of a state penal authority, "can be assured of only one thing-that he will be released from the State's custody at the end of the term of years specified by the sentencing court." Richmond v. Duke, 909 F.Supp. 626, 631 (E.D.Ark.1995).

See Id. at 3-4.

Like the inmate in <u>Tucker v. Norris</u>, Howell maintains that the Board violated his constitutional rights by denying his release on parole and doing so pursuant to an unconstitutional procedure. <u>Tucker v. Norris</u> makes clear, though, that neither state law nor the Board's regulations give rise to any due process rights, and it does not matter whether state law or Board regulations were violated. At most, Howell has the mere possibility of release on parole. It therefore cannot be said that a due process violation occurred when Howell was denied release on parole or because of the procedure used by the Board to make the decision.

<u>EQUAL PROTECTION CLAIMS</u>. "The equal protection clause generally requires the government to treat similarly situated people alike." <u>See</u> <u>Roubideaux v. North Dakota Department of Correction and Rehabilitation</u>, 523 F.Supp.2d 952, 966 (D.N.D. 2007), <u>aff'd</u>, 570 F.3d 966 (8th Cir. 2009). The first step in evaluating an equal protection claim is to determine whether the plaintiff has demonstrated that he was treated differently than others who were "similarly situated simply because they belong to a particular protected class." <u>See</u> <u>Id</u>. Absent a threshold showing that the plaintiff was similarly situated to someone who allegedly received favorable treatment, the plaintiff does not have a viable equal protection claim. <u>See</u> <u>Id</u>.

Howell is a member of a protected class and offers instances of white inmates receiving what he characterizes as favorable parole treatment. He has failed to show, though, that they were similarly situated. For instance, he has failed to adequately describe their criminal histories, mental health risks, institutional records, and the

multitude of other factors considered in making parole decisions. Even had he adequately described those factors, he has failed to show that the same factors were present in his case. Without the benefit of such information, it is impossible to say that he should have received the same parole decision.

Howell alternatively maintains that he was treated differently because he was not from Arkansas and has now been incarcerated longer than other inmates convicted of more serious offenses. As the respondents correctly note, the allegations do not make him a member of a protected class or suggest that the Board is encroaching upon a fundamental right. He must therefore show that the Board "systematically and intentionally treated him differently from others similarly situated and that there is no rational basis for the difference in treatment." See Nolan v. Thompson, 521 F.3d 983, 990 (8th Cir. 2008) (internal quotations and citations omitted).

Howell has failed to show that the Board systematically and intentionally treated him differently from other similarly situated inmates. The undersigned so finds because he has failed to identify similarly situated inmates. Specifically, he has failed to show that his case, and those of the inmates he identifies, presented similar factors relevant to the parole decision. For instance, Howell identifies white inmates Berry and Bates who Howell maintains were convicted of more serious offenses than he but who received favorable parole consideration. It is impossible to know, though, whether their cases were substantially similar to Howell's case, i.e., whether the factors relevant to the parole decision were present in all the cases.

HOWELL'S OTHER CLAIMS. Howell alleges a number of other claims in support of his petition. Several of the claims involve the alleged violation of state law or Board regulations. Those claims are not cognizable in this proceeding because "federal habeas corpus relief does not lie for errors of state law ..." See Evenstad v. Carlson, 470 F.3d 777 (8th Cir. 2006).

Howell also alleges he has now been held in custody longer than the forty-four months he was told he would serve. Assuming that this claim is cognizable, it is without merit. As the respondents correctly note, "the sentencing judge made no guarantees regarding parole but only offered what it understood was Howell's best-case parole-eligibility date, which, it cautioned, would depend on 'what good time [Howell] got and that sort of thing.' ... Howell's eligibility date ultimately fell somewhat later than the best-case date ..." See Document 10 at CM/ECF 8 (quoting Document 10 at CM/ECF 43).

RECOMMENDATION. On the basis of the foregoing, the undersigned finds that Howell's claims warrant no relief. It is recommended that his petition for writ of habeas corpus be dismissed, all requested relief be denied, and judgment be entered for Kelley. A certificate of appealability should also be denied.

DATED this 30th day of August, 2016.

_____
UNITED STATES MAGISTRATE JUDGE